# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ANSON CHI,  #44588-177 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19cv793 |
| | § | CRIMINAL ACTION NO. 4:15cr155(14) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Movant's "Motion to Recuse United States District Judge Richard A. Schell" (Dkt. #8). Having considered the motion, the court is of the opinion that the motion should be denied.

Title 28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Further, 28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) show that the bias is personal rather than judicial in nature. *Henderson v. Dep't of Public Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Furthermore, it is well-established that mere disagreement with

a court's rulings is typically insufficient to establish bias or prejudice that would justify removal. *See Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994), *citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Affidavits based on mere conclusions, opinions, or rumors rather than personal knowledge are legally insufficient to establish recusal. *Henderson*, 901 F.2d at 1296.

Movant's allegations do not rise to the level of an extrajudicial, personal bias against Movant. Movant has not offered evidence that would lead a reasonable person to conclude that the undersigned was biased against Movant, nor is there any evidence pointing to a personal, non-judicial bias. While Movant argues that the undersigned's rulings in his criminal case were erroneous, Movant has failed to establish that said rulings resulted from this court's bias or prejudice. Movant fails to show any valid basis for the removal of the undersigned from this action.

It is accordingly **ORDERED** that Movant's "Motion to Recuse United States District Judge Richard A. Schell" (Dkt. #8) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this the 1st day of September, 2021.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE