**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ANSON CHI,  #44588-177** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:19cv793** |
| | § | **CRIMINAL ACTION NO. 4:12cr155(1)** |
| **UNITED STATES OF AMERICA** | § | |

**MEMORANDUM OPINION AND ORDER**

Movant filed "Rule 59(e) Motion for Reconsideration to Alter or Amend the Judgment" (Dkt. #86). After reviewing the motion and the record, the court is of the opinion that the motion should be denied and the case should be dismissed.

When a movant's Rule 59 motion is an attempt to gain relief from his conviction, a court should construe it as a § 2255 motion. *See United States v. Ruiz*, 51 F. App'x 483(5th Cir. 2002); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999) (motions for reconsideration should be construed as successive habeas petitions governed by the AEDPA's provisions). In the instant motion, Movant seeks the same relief as that sought in his § 2255 motion. Movant is attempting to avoid the procedural hurdles of filing a successive and untimely § 2255 motion by filing the instant motion for relief pursuant to Federal Rule of Civil Procedure 59. Because Movant is challenging his underlying conviction, the motion is appropriately construed as a § 2255 motion.

The record shows that Movant's § 2255 motion was denied and the case was closed on November 6, 2021 (Dkt. #82). A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Accordingly, the court lacks

jurisdiction to consider the present motion unless leave to file the same is granted by the Fifth Circuit.  *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the movant filed a prior § 2255 motion, and the Fifth Circuit did not grant permission to file a successive § 2255 motion).  Movant fails to allege or show that the Fifth Circuit granted him permission to file a successive § 2255 motion.  Therefore, the present motion should be dismissed for want of jurisdiction.  *Id*.

It is accordingly **ORDERED** that Movant's "Rule 59(e) Motion for Reconsideration to Alter or Amend the Judgment" (Dkt. #86) is **DENIED** and the case is **DISMISSED**.

**SIGNED this the 1st day of February, 2022.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE