IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ANSON CHI, #44588-177** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:19cv793** |
| § | **CRIMINAL ACTION NO. 4:12cr155(1)** |
| **UNITED STATES OF AMERICA** § | |

**MEMORANDUM OPINION AND ORDER**

Movant filed an appeal concerning the denial of his § 2255 motion and the disposition of his Federal Rule of Civil Procedure 59(e) motion. Although he failed to file a motion for certificate of appealability, a movant must obtain a certificate of appealability before appealing a district court's decision. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The United States Court of Appeals for the Fifth Circuit remanded this case "for the limited purpose of allowing the district court to consider whether [Movant] should be granted a [certificate of appealability]." (Dkt. #105).

The Supreme Court of the United States explained what is required to establish a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a petitioner's constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When the district court denies a habeas petition on procedural grounds without reaching the movant's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it

1

debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The Supreme Court has held that a certificate of appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Movant filed a "Rule 59(e) Motion for Reconsideration to Alter or Amend the Judgment." (Dkt. #86). A motion for reconsideration filed pursuant to Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A court may alter or amend a judgment due to (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) the need to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

A review of Movant's case shows that he pled guilty to possession of a firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), & 5871, and malicious use of explosive materials in violation of 18 U.S.C. § 844(i). The court sentenced Movant to 120 months on count 1 and 240 months on count 2, the sentences to be served concurrently. On direct appeal, the Fifth Circuit rejected Movant's arguments that his plea agreement was involuntary and that the court plainly erred when using statements from his "involuntary/tortured confession" to enhance his sentence and to upwardly vary from the Guidelines. *United States v. Chi*, 708 F. App'x 184, 184-85 (5th Cir. 2017). On October 1, 2018, the Supreme Court of the United States denied Movant's petition for a writ of certiorari. *Chi v. United States*, 139 S. Ct. 283 (2018).

Movant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. After carefully considering the § 2255 motion, the court found that Movant knowingly and voluntarily pled guilty; as such, many of his claims, which were not reserved for review pursuant to the terms of his plea agreement, were waived. The court further found that Movant's claim that the Government breached the plea agreement[1] was procedurally barred, and in any event, was without merit. Additionally, the court found that Movant failed to establish that trial counsel, standby counsel, and appellate counsel were ineffective. Finally, the court found that the Supreme Court's decision in *United States v. Davis,* 139 S. Ct. 2319 (2019) was inapplicable to his case. On November 6, 2021, the court denied Movant's § 2255 motion and dismissed his case with prejudice. (Dkt. ## 81, 82).

---

[1] Any additional arguments raised by Movant for the first time in his reply brief on March 11, 2021 were barred by the Anti-Terrorism and Death Penalty Act's one-year statute of limitations.

In his Rule 59(e) motion, Movant simply reurges issues previously raised. He attempts to relitigate old issues and take a "second bite at the apple." *Sequa Corp.,* 156 F.3d at 144. Movant fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, (3) the need to correct a clear error of law or fact, or (4) a manifest injustice. *Schiller*, 342 F.3d at 567. Thus, he fails to show that the Final Judgment should be altered or amended. In sum, Movant's § 2255 motion was denied because the issues he raised were either waived, procedurally barred, or without merit. In his Rule 59(e) motion, he likewise fails to show he is entitled to relief. Movant fails to show that jurists of reason would find it debatable whether he was denied a constitutional right. *Slack*, 529 U.S. at 484. He also fails to show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id*. For these reasons, Movant is not entitled to a certificate of appealability.

It is accordingly **ORDERED** that a motion for certificate of appealability is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 30th day of November, 2022.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE