IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANSON CHI, #44588-177 | § § § | |
| | § | CIVIL NO. 4:19-CV-793 |
| VS. | § | CRIMINAL NO. 4:12-CR-155(1) |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* movant Anson Chi's § 2255 motion to vacate, set aside, or correct sentence was denied, and this case was closed on November 6, 2021 (Dkt. #82). Movant noticed an appeal, but the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability on February 22, 2023 (Dkt. #112). Movant has now filed a "Rule 60 (b) and (d) Motion for Relief from Judgment or Order" and an "Amended Rule 60(b) and (d) Motion for Relief from Judgment or Order" (Dkts. #113 and #115). He also filed a "Second Motion to Recuse Magistrate Judge Kimberly C. Priest Johnson" (Dkt. # 116). After reviewing the motions and the record, the court is of the opinion that the Rule 60(b) motions lack merit and that the recusal motion is moot, as Judge Johnson no longer serves on this court.

### Standard of Review

Rule 60(b) of the Federal Rules of Civil Procedure provides that, upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released, or discharged or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. § 60(b)(1)–(6). A Rule 60(b) motion must be filed within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* Fed. R. Civ. P. 60(c).

> Rule 60(b) motions are subject to additional restrictions that apply to second or successive § 2254 petitions under the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(b). Specifically, § 2244(b) imposes three requirements on second or successive § 2254 petitions. First, under § 2244(b)(1), any claim that has already been adjudicated in a previous petition must be dismissed. Second, under § 2244(b)(2), any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. Third, under § 2244(b)(3), before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

*Gilkers v. Vannoy*, 904 F.3d 336, 343 (5th Cir. 2018) (footnotes and quotations omitted).

A Rule 60(b) motion that advances one or more substantive claims, as opposed to a merely procedural claim, should be construed as a successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4, (2005) (involving § 2254 petition); *see United States v. Williams,* 274 F. App'x. 346, 347 (5th Cir. 2008) (applying *Gonzalez* to § 2255 motions). A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining authorization from the

United States Court of Appeals for the Fifth Circuit. 28 U.S.C. § 2255(h); *see United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000). Therefore, if Movant's Rule 60(b) motion is to be construed as a successive § 2255 motion, this court would have no jurisdiction to consider it. *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013).

To succeed on claims raised for the first time in a Rule 60(b)(6) motion based on newly discovered evidence, a movant must show that the evidence would have produced a different result and that he acted diligently in bringing this alleged "new" evidence before the federal habeas court. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (explaining that "[t]o succeed on a motion for relief from judgment based on newly discovered evidence, . . . a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment").

A party alleging fraud, misrepresentation, or misconduct under Rule 60(b)(3) must establish that (1) the adverse party engaged in fraud or other misconduct that (2) prevented the moving party from fully and fairly presenting his case. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place,* 62 F.3d 767, 772 (5th Cir. 1995) (quotations and citations omitted). The moving party has the burden of proving misconduct by clear and convincing evidence. *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir. 1978). Unlike Rule 60(b)(2), Rule 60(b)(3) does not require that the information

3

withheld be such that it can alter the outcome of the case. *Id.*; *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

## Analysis

### 1. Claims over which the district court has no authority

In his two 60(b) motions, Movant alleges:

(a) that the circuit court created and ruled on a "fake" COA motion to avoid ruling on his interlocutory appeal which requires no COA (Dkt. #113 at 20);

(b) that the Supreme Court violated his due-process right to file a petition for writ of certiorari, *id.* at 27;

(c) that he would have gotten a COA on some grounds if he would have been allowed to file his own COA motion, *id.* at 37;

(d) that the Fifth Circuit failed to advise him of the "dangers and disadvantages" of waiving appellate counsel, which violated his right to counsel on appeal, *id.* at 43;

(e) that the Fifth Circuit, before its May 9, 2023, judgment, did not conduct an evidentiary hearing for the government's new breach of the second plea agreement contained in its February 8, 2021, response to his § 2255 motion, nor did it order the district court to conduct an evidentiary hearing for that breach (Dkt. #115 at 1–2); and

(f) that the Fifth Circuit Court should not have made its wrongful determination that he had abandoned the claim raised in his § 2255 motion regarding the breach of the plea agreement, *id.* at 3.

This court has no power or authority to compel a higher court to take any action. Movant's claims requesting reconsideration of Supreme Court and Fifth Circuit decisions are not properly before this court.

## 2. Successive claims

Movant alleges that "[o]n February 8, 2021, in the Government's Response to [Movant's] § 2255 Motion, the Government breached the second plea agreement in [paragraph] 11(b) by barring Ground Twelve of [Movant's] § 2255 Motion when the Government had already agreed to allow [Movant] to appeal and contest Ground Twelve." (Dkt. #113 at 3). Ground twelve of the § 2255 motion stated that "[t]he Government illegally used Chi's tortured confession, doctored medical records, etc. to obtain the terrorism enhancement and upward variance to enhance his sentence and forced him to be a witness against himself." (Dkt. #1 at 28).

In its response to Movant's § 2255 Motion, the government asserted that "[the] only exceptions were the 'right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any application of the guidelines to enhance the defendant's sentence other than those guidelines stipulated to in paragraph 5.'" (Dkt. #50 at 6). "This [plea agreement] waiver bars all of [Movant's] claims except Ground Five, which alleges a breach of the plea agreement; Grounds Six, Seven, and Eight, which allege ineffective assistance of counsel relating to the validity of the plea; and Ground Nine, which alleges that the plea agreement is invalid." *Id.* Movant attacks the wording of this response, asserting that the government overlooked the reservation of the right to appeal an enhancement when listing the possible claims. But that reservation was mentioned in the immediately preceding sentence. *Id.*

5

To the extent that Movant's claim of breach is a new allegation, it is successive under § 2244(b)(2), and "[u]sing Rule 60(b) to present new claims for relief from a . . . court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez,* 545 U.S. at 531; *In re Robinson*, 917 F.3d 856, 866 (5th Cir. 2019). Movant's claim does neither of those things, so it is barred as successive.

Alternatively, to the extent Movant attempts to revive a claim from his § 2255 motion, he cannot get another bite at the apple. "Under § 2244(b), the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' If so, the claim must be dismissed . . . ." *Gonzalez,* 545 U.S. at 530. Section 2244(b)(1)'s strict relitigation bar is incorporated by 28 U.S.C. § 2255(h). *In re Bourgeois*, 902 F.3d 446, 447 (5th Cir. 2018).

### 3. Procedural challenges to habeas proceedings

Next, Movant questions the integrity of the habeas proceeding, arguing that this court "distorted and misstated" his claims (Dkt. #113 at 29). He claims that the court, the magistrate judge, and United States attorney colluded by changing his grounds 3, 4, 5, 11, and 12 presented in his § 2255 motion (Dkt. #1-1 at 1–2; Dkt. #113 at 36). He asserts that this rewording of claims "precluded a merits determination." (Dkt. #113 at 29).

In two of the alleged altered grounds, Movant makes claims against the Fifth Circuit as a whole or its individual judges. In ground three, he makes allegations against Judge Prado, rather than the district judge (Dkt. #113 at 30). In ground four, he complains of the lack of recusal of three other circuit judges. *Id.* In light of the limits of the district court's authority and presumably believing that Movant had made a mistake, the United States attorney framed the response in terms of this court, rather than the circuit court, as to both these grounds (Dkt. #50 at 5). The magistrate judge fairly construed Movant's pleading to include allegations against this court, rather than the circuit court or its judges. Because this court has no control over the decisions of circuit judges, its ruling discussed due process in the setting of this court. Through no fault of the government, Movant brought his allegations in the wrong arena. Even if the court had ruled on his allegations against the circuit court and its judges, it could have found only that they should have been brought in a different court.

In his fifth ground, Movant alleges that both he and the United States breached the 2014 plea agreement (Dkt. #1 at 6). The United States attorney restated the ground as "the government breached the plea agreement." (Dkt. #50 at 5). A movant cannot avoid a plea agreement by violating it himself. The United States attorney's decision to not discuss Movant's own breach was understandable, given that Movant can only complain of the government's action or inaction. In any event, the finding that Movant was procedurally barred from raising the allegation

7

regarding breach of the plea agreement in his § 2255 motion is correct. This court does not consider any issues that could have been raised, or were raised and disposed of, on direct appeal. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.* Similarly, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

In his eleventh ground, Movant alleges that "[t]he district court violated indigent/pro se [Movant's] constitutional right to investigative services/expert assistance." (Dkt. #1 at 20). The response restated that ground as asserting that "the Court violated Chi's right to investigate the facts of the case." (Dkt. #50 at 5). That is not significant enough of a modification to have affected the decision of the district court regarding Movant's § 2255 motion. The rewording does not show fraud or misconduct.

In his twelfth ground, Movant alleges that the government illegally used his tortured confession, doctored medical records, etc. to obtain a terrorism enhancement and an upward variance to enhance his sentence (Dkt. #1 at 28). The United States attorney shortened the ground in her summary of Movant's grounds, stating that Movant claimed that "the government illegally used Chi's confession." (Dkt. #50 at 5). However it was said, Movant was complaining about his conviction, his sentence,

8

or both, and the plea agreement's waiver precluded those complaints. Movant filed an unsuccessful appeal that included an attack on the enhancement. The court, when considering a § 2255 motion, will not consider any issues that could have been raised, or were raised and disposed of, on direct appeal. *Seyfert*, 67 F.3d at 546; *Kalish*, 780 F.2d at 508. The rewording of Movant's ground from his § 2255 motion was not so egregious as to have foreclosed a merits determination and does not show fraud or misconduct.

In sum, all claims regarding misstatements of Movant's claims in an alleged attempt to deny Movant his right to have his § 2255 grounds considered should be dismissed because the restatements of claims do not amount to fraud, misrepresentation, or misconduct by the government, nor do Movant's claims rely on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. *See* 28 U.S.C. § 2244(b)(2). These claims could and should have been raised in the § 2255 proceeding; they are not appropriate issues for a motion for reconsideration.

### 4. Ineffective-assistance claim raised in prior motion

In his first Rule 60(b) motion, Movant alleges that the United States attorney ignored or did not discuss issues he raised regarding ineffective assistance of standby counsel and the district court therefore did not rule on them (Dkt. #113 at 43–44). Movant's underlying claim of ineffective assistance of standby counsel was raised in

the § 2255 motion, and Movant is not entitled to be heard on these matters now. *See Gonzalez,* 545 U.S. at 530; *In re Bourgeois*, 902 F.3d at 447.

## Conclusion

Nothing within Movant's 60(b) motions warrants reconsideration of his claims. In the instant motions, Movant seeks relief for new grounds, grounds that were or should have been brought in his § 2255 motion and for alleged errors that are not of the type to be considered by the district court in a 60(b) motion.

Movant's claims discussed in Section 1 are outside the realm of the court's authority. Movant's claims discussed in Section 2 and 4 re-urge grounds from his § 2255 motion, which have already been determined by the court. Movant's procedural challenge to his habeas proceeding discussed in Section 3 should be denied because the evidence presented by Movant is not material and controlling, nor would it have clearly produced a different result. Movant has not shown that he was prevented from fully and fairly presenting his case.

The claims addressed in Section 3 also attempt to raise new arguments regarding previous claims and are successive. When a movant's post-judgment motion is an attempt to gain relief from his conviction, a court should construe it as a § 2255 motion. *United States v. Ruiz*, 51 F. App'x 483 (5th Cir. 2002); *United States v. Rich*, 141 F.3d 550, 551–52 (5th Cir. 1998) (motions for reconsideration should be construed as successive habeas petitions governed by AEDPA).

It is accordingly **ORDERED** that Movant's "Motion for Relief from Judgment" (Dkt. #113) and "Amended Rule 60(b) and (d) Motion for Relief from Judgment or Order" (Dkt. #115) are **DENIED** as to the complaints regarding ineffective assistance of counsel and the paraphrasing of Movant's claims in his § 2255 motion, and the remaining successive claims are **DISMISSED FOR LACK OF JURISDICTION**.

It is further **ORDERED** that Movant's "Second Motion to Recuse Magistrate Judge Kimberly C. Priest Johnson" (Dkt. # 116) is **DISMISSED AS MOOT.**

**So ORDERED and SIGNED this 13th day of August, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE